IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE CANADA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| TAMELA L. GOUGH, | § § | |
| Defendant. | § § | |

## COMPLAINT

Plaintiff, The Canada Life Insurance Company ("Canada Life") files its Complaint, and states as follows:

## PARTIES

1.   **Plaintiff.**   Canada Life is a Michigan corporation doing business in the State of Texas on a continual basis at all times pertinent hereto.

2.   **Defendant.**   Tamela L. Gough ("Gough") is a resident of Collin County, Texas, and can be served with citation at 6217 Avalon Woods Drive, McKinney, Texas 75070.

## JURISDICTION AND VENUE

3.   **Jurisdiction.**   The Court has subject matter jurisdiction of this case pursuant to 28 U.S.C. §1332.  In that regard, Canada Life is a citizen of Michigan, and Gough is a citizen of Texas.  There is complete diversity of citizenship between the

parties, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.   **Venue.**   Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a)(2) because it is the district and division where a substantial part of the events or omissions giving rise to the claim occurred.

**OPERATIVE FACTS**

5.   **Disability Insurance.** On August 24, 1990, Canada Life issued to Gough a disability insurance policy (the "Policy").  The Policy provides that Gough is entitled to disability payments of $4,150 per month for the period beginning 90 days after her disability began and continuing for her lifetime, if she remains disabled as defined under the Policy.  The Policy provides that Canada Life, "at its expense, has the right to have [Gough] examined as often as reasonably necessary while a claim is pending." (the "Physical Examinations" provision).  As set forth below, Gough's counsel has interfered with  Canada Life's contractual right to conduct an independent medical examination ("IME").

6.   **The Claim.**  On or about March 10, 2015, Gough filed a claim for disability benefits alleging that she could no longer perform her duties as a pediatric dentist.  Beginning on or about September 15, 2015, Canada Life requested that Gough present herself for an IME pursuant to the Policy.  It has proven very difficult to find properly qualified clinicians willing to  conduct an IME.

7.   **The IME Physician Selection Process.** Canada Life engaged a consultant to search for a Board-Certified Orthopaedic Surgeon or Physiatrist, with an active

clinical practice and no prior experience with Gough to independently evaluate Gough. The Consultant contacted over 200 health care providers with active clinical practices; most were not interested or not readily reachable. This difficult search proved time consuming and Gough made a demand while the search was ongoing.

8.    **The Demand and Interim Payment.**    On or about December 31, 2015, Canada Life received a demand letter ("Demand Letter") from Gough through her counsel, John L. (Lin) McCraw III, demanding $628,124.00 in actual damages and $8,140.62 in attorneys' fees. Gough contended that this amount was the present value of the contractual payments due to her. While Canada Life disputes Gough's claims, it has since paid Gough Total Disability benefits for the period of April 1, 2015 to February 1, 2016 and 18% interest thereon, subject to continuing its claims examination, including obtaining an IME. Canada Life has also continued to pay Total Disability benefits each month since February 2016, again reserving it rights.

9.    **The Scheduled IME and Gough's Intereference.**    Canada Life was able to schedule an IME for Gough that was to take place on April 25, 2016. However, by letter dated April 1, 2016 ("Restriction Letter"), Gough's counsel wrote Canada Life that Gough would impose "ground rules" on the IME. Namely, Gough's lawyer stated that (1) he would record the examination both by video and audio; (2) "there will not be any interrogation of my client about her condition;" (3) "all conversations of the doctor or any staff will be preserved;" (4) "my client will not be requested to fill out any additional forms;" and (5) "if my client feels that any of the testing is harming her in any way, she will stop the examination." These restrictions were clearly designed to interfere with the

IME doctor's examination and to intimidate the doctor and his staff. The previously-scheduled exam had to be canceled because the doctor declined to comply with the "ground rules" in the Restriction Letter. Canada Life therefore began the search anew, but has thus far been unable to locate a qualified clinician willing to perform the IME. Canada Life is therefore unable to complete its claims investigation and has been forced to pay benefits to Gough to which she may not be entitled.

## CAUSES OF ACTION

10.   **Declaratory Judgment.** Pursuant to 28 U.S.C. § 2201, Canada Life states that there is an actual, justiciable controversy between the parties, and Canada Life requests that the Court grant declaratory judgment relief and adjudicate the following:

   (a) That Gough cannot impose the limitations set forth in the Restriction Letter on the Physical Examinations provision in the Policy; and

   (b) That Canada Life may withhold the payment of disability benefits unless and until Gough complies with the Physical Examination provision in the Policy.

11.   **Anticipatory Breach of Contract.** Pursuant to Texas law, Canada Life alleges that Gough's clear, positive and unconditional refusal to perform under the Policy constitutes an anticipatory breach of contract. The Restriction Letter expressly interferes with the IME process to such an extent that no reasonable physician would agree to the so-called "ground rules," making it probable that Canada Life will never be able to obtain an IME. Gough's Restriction Letter constitutes repudiation, and Canada Life has suffered damages, attorney's fees, and court costs as a result of Gough's express intention of non-performance under the Physical Examinations provision.

12.    **Attorneys' Fees**.  Pursuant to Texas law, Canada Life seeks to recover its reasonable and necessary attorneys' fees incurred in this action.

## RELIEF REQUESTED

13.      **Prayer**.  Canada Life requests the following relief:

(a)    That Gough be served with process and be required to answer in the time and manner prescribed by law;

(b)    That the Court grant the relief requested above and award Canada Life its reasonable attorneys' fees and costs; and

(c)    That Canada Life have such other and further relief, both general and special, at law and in equity, to which Canada Life may show itself to be justly entitled.

Respectfully submitted,

By: _____
Keith R. Verges
Texas Bar No. 20547650
keith.verges@figdav.com

**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas  75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

ATTORNEY FOR PLAINTIFF